IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**TRAVETTE VASSER**

      **Plaintiff,**

**v.**                                                         **No.: _____**

**LEGGETT & PLATT PARTHENON METAL WORKS,**

                                                                  **JURY DEMANDED**

      **Defendant.**

## COMPLAINT

**PLAINTIFF, Travette Vasser**, brings this action against the Defendant, Parthenon Metal Works. She shows as follows.

## I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Family Medical Leave Act of 1993, the Tennessee Handicap Act, and the common law of the state of Tennessee.

2. The Court has subject matter jurisdiction pursuant 28 U.S.C. § 1337. The Court has personal jurisdiction over the Plaintiff, who is a resident of Murfreesboro, Tennessee and the Defendant, who does business in this judicial district.

3. Venue also lies in this Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiff is a former employee of Parthenon Metal Works (hereinafter "Defendant"). During her employment with Defendant, Plaintiff was a covered employee under the Family

Medical Leave Act of 1993 ("FMLA") and the Tennessee Disability Act ("TDA"). Plaintiff is an FMLA "eligible employee," specifically under 29 U.S.C. § 2611(2)(A), i.e. one who worked more than 1,250 hours in the 12 month period preceding her leave.

5. Likewise, the Defendant is a covered employer under the FLSA and the TDA, specifically under 29 U.S.C. § 2611(4)(A). At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA. Therefore, the Defendant is bound by the rules and regulations of the Family and Medical Leave Act.

## II. FACTUAL BASIS FOR SUIT

6. Defendant employed Plaintiff as a continuous improvement coordinator.

7. In November of 2011, a forklift struck Plaintiff at work causing her a serious rotator cuff injury and other medical impairments. As a result of this workplace injury, Plaintiff suffered a "serious health condition" under the FMLA (an impairment requiring multiple treatments, and absences from work due to inability to work) and a "disability" under the TDA (an impairment which substantially limited Plaintiff's major life activities, inter alia, of lifting, upper extremity movement, and working.

8. Plaintiff reported her injuries to Defendant and made a claim for benefits pursuant to Tennessee's workers compensation laws.

9. Plaintiff's time off from work due to the serious health condition is legally protected by the FMLA—i.e. no negative action may be taken against her for leave due to the serious health condition for which she gave notice.

10. Following Plaintiff's report of the disabling workplace injury and the taking of FMLA protected absences, Defendant's management began treating Plaintiff differently.

11. Defendant disciplined Plaintiff and gave her negative evaluations which were

2

inconsistent with Defendant's treatment of Plaintiff <u>prior</u> to her disabling workplace injury and use of protected leave.

12.     During the week of May 24, 2012, Plaintiff took additional qualifying leave due to her serious medical conditions. She properly informed Defendant that she was unable to work these days and would need to be off.

13.     On June 4, 2012, Defendant fired Plaintiff with the knowledge and approval of its engineering manager and human resources department.

14.     Ignoring Plaintiff's protected leave, Defendant, through Mr. Wayne Clemmons, advised Plaintiff that she was being fired for a "no call, no show" on May 29, 2012.

15.     Plaintiff informed Mr. Clemmons that was not true at all, that she gave proper notice, and that her absences were owing to her medical condition.

16.     Again ignoring the protected nature of the leave, and the fact that the leave was directly attributable to Plaintiff's disability, as well as her right to take leave for a workers compensation injury (per Tennessee statute), Clemmons responded, "Well, if you can't be here, you can't do your job." He then maintained the termination.

17.     Defendant's actions flouted multiple laws simultaneously—it violated the FMLA by terminating Plaintiff for taking leave; it violated the TDA because the absence from work was owing to Plaintiff's disability; and it violated Tennessee common law which affords injured workers time off for treatment of injuries without being fired for the "device" of "no call, no show."

18.     Perhaps appreciating the illegal nature of the true reason for termination, Defendant offered an altered reason on a Separation Notice. The Separation Notice was dated June 2, 2012 and signed by Human Resources (through a Mr. Abraham).

19.     On the Separation Notice, Defendant listed a *different* reason for Plaintiff's termination. Defendant stated that Plaintiff was terminated for "Pattern of poor performance and failure to follow instructions."

20.     The alleged (pretextual) "reasons" for Plaintiff's termination listed on the Separation Notice were never discussed or even mentioned during Plaintiff's meeting with Mr. Abraham and Mr. Clemmons on June 4.

21.     Defendant's true motivation (or mixed motive) in terminating Plaintiff was her taking of FMLA leave and her exercise of rights under Tennessee's workers compensation statutes. Alternatively, or additionally, Defendant terminated Plaintiff because of her disability and/or perception that it rendered her unreliable to attend work.

22.     The illegal termination of Plaintiff has resulted in significant financial losses in the form of lost benefits and wages.

23.     In addition, Plaintiff has suffered emotional distress, embarrassment, and humiliation as a result of Defendant's illegal conduct.

### III.  CAUSES OF ACTION

24.     The forgoing facts are incorporated by reference as if fully stated herein.

25.     Plaintiff brings the following claims against Defendant:

   A.   FMLA. Retaliation;

   B.   TDA.  Discriminatory Termination.

   C.   Tennessee Common Law.  Retaliation for Exercising Rights to Workers Compensation Benefits.

26.     Plaintiff demands a jury.

## IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for all damages available in law and equity, including back pay following termination, front pay or reinstatement, liquidated damages, compensatory damages, punitive damages, attorneys' fees, costs, interest, and liquidated damages.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER PLC**

s/ Jonathan L. Bobbitt
Jonathan L Bobbitt (TN Bar No. 23515)
Jessica F. Salonus (TN Bar No. 28158)
Gilbert Russell McWherter PLC
101 North Highland
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jbobbitt@gilbertfirm.com

Michael L. Russell (20268)
Gilbert Russell McWherter PLC
1616 Westgate Circle, Suite 228
Brentwood, Tennessee 37027
Telephone: 615-467-6372
mrussell@gilbertfirm.com

Justin S. Gilbert (TN Bar No. 017079)
Republic Centre, 633 Chestnut St, Suite 600
Chattanooga, TN 37450
Telephone: 423-499.3044
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*